IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20-CR-00186-SL |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | UNITED STATES OF AMERICA'S |
| STEVEN FOSTER, | ) | RESPONSE IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION FOR A BILL |
| Defendant. | ) | OF PARTICULARS |

Now comes the United States of America, by its counsel, Justin E. Herdman, United States Attorney, and Michael A. Sullivan and Kathryn G. Andrachik, Assistant United States Attorneys, responding in opposition to Defendant's Motion for a Bill of Particulars.

"A bill of particulars is meant to be used as a tool to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). "[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008). "[A bill of particulars] is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial," *Salisbury*, 983 F.2d at 1375, and it should not be issued where the indictment is sufficiently detailed. *United States v. Mohammad*, No. 1:10-CR-389, 2012 WL 4483544, at *7 (N.D. Ohio Sept. 27, 2012) (Lioi, J.). Further, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." *United States v. Paulino*,

935 F.2d 739, 750 (6th Cir. 1991), suspended on other grounds by statute, *United States v. Caselorente*, 220 F.3d 727 (6th Cir. 2000). Ultimately, whether to order the government to provide a bill of particulars lies within the discretion of the trial court. *Salisbury*, 983 F.2d at 1375.

It is well settled in the Sixth Circuit that a bill of particulars should not be used to obtain certain information, such as the identities of the government's witnesses, *United States v. Largent*, 545 F.2d 1039, 1043-44 (6th Cir. 1976), the identities of coconspirators, *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004), or a list of all of the overt acts that the government intends to prove at trial, *Salisbury*, 983 F.2d at 1375; *see also United States v. Mills*, No. 16-cr-20460, 2019 WL 1915762, at *5 (E.D. Mich. April 30, 2019) ("As a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars.").

Applied here, Defendant has received more than enough information to understand the nature of the charges, prepare his defense, and plead double jeopardy. The Indictment alone has provided Defendant with numerous details related to his and his codefendants' roles in the conspiracy. This level of detail in the Indictment is beyond adequate to "minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *See Salisbury*, 983 F.2d at 1375; *see also Mahar*, 801 F.2d at 1503 (holding that district court did not abuse its discretion in denying defendant's request for bill of particulars where "[t]he indictment set forth the charges in considerable detail."). Considering the Indictment and the discovery produced by the government—and expected to be produced by the government— Defendant is not entitled to a bill of particulars.

2

Specifically, Defendant asks for four particulars: (1) the names and addresses of each and every person who was present at the scene of any alleged crime charged in the Indictment; (2) the precise manner in which the crime charged in the Indictment is alleged to have been committed by Defendant; (3) the exact language, word or words, or conduct allegedly used by Defendant which is alleged to constitute the Indictment; and (4) the date and time of the allegations contained in the Indictment.

The government has now provided Defendant with voluminous discovery, which includes messages among the defendants and victims, as well as interviews of each defendant. The Indictment in conjunction with this discovery provides almost all of the information asked for by Defendant and is sufficient to apprise Defendant of the charges against him, give him the ability to prepare a defense, prevent surprise at trial, and avoid double jeopardy. With respect to particular number one, and as stated above, a bill of particulars should not be used to obtain the identities of the government's witnesses. Defendant is aware of the identities of his co-defendants, and he should not be permitted to use a bill of particulars to obtain identities of any other people "present at the scene of any alleged crime charged in the Indictment."

A motion for a bill of particulars should be denied when, as here, the Indictment provides sufficient details of the charges and the government provides full discovery to the defense under Rule 16. *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984). Therefore, the United States respectfully requests this Court deny Defendant's Motion for a Bill of Particulars.

                                                    Respectfully submitted,

                                                    JUSTIN E. HERDMAN
                                                    United States Attorney

By:   <u>/s/ Kathryn G. Andrachik</u>
Kathryn G. Andrachik (0093998)
Michael A. Sullivan (0064338)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113-1852
Office: (216) 622-3804/3977
Kathryn.Andrachik@usdoj.gov
Michael.A.Sullivan@usdoj.gov

4