**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-186 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| STEVEN FOSTER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On March 12, 2020, an indictment was filed charging defendant Steven Foster ("Foster") and four other individuals with the following: Count One—conspiracy to engage in sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and (e); Count Two—sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and 2; Count Three—conspiracy to receive visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1); and Count Four—conspiracy to access with intent to view child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (Doc. No. 1.)

Now before the Court is Foster's motion for a bill of particulars. (Doc. No. 55 (Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 71 (Opposition).) For the reasons that follow, the motion is DENIED.

**I. GOVERNING LAW AND DISCUSSION**

Without elaboration or any authority in support, Foster requests that the government furnish him with information "setting up specifically the nature of the offense charged" and his conduct "alleged to constitute the offense." (Doc. No. 55 at 1.) He seeks particularity as to the

following: (1) the names and addresses of each and every person who was present at the scene of any alleged crime charged in the indictment; (2) the precise manner in which the crime charged in the indictment is alleged to have been committed by Foster; (3) the exact language, word or words, or conduct allegedly used by Foster which is alleged to constitute the indictment; and (4) the date and time of the allegations in the indictment. (*Id*.)

The government opposes the motion in its entirety, arguing that Foster is not entitled to any of the information he seeks. It notes that it has already provided Foster and his co-defendants with "voluminous discovery, which includes messages among the defendants and victims, as well as interviews of each defendant." (Doc. No. 71 at 3.) According to the government, this discovery, in combination with the level of detail in the indictment, is more than sufficient to permit Foster to avoid surprise and properly prepare a defense. (*Id*.)

Rule 7(f) of the Federal Rules of Criminal Procedure[1] provides for the filing of a bill of particulars "'to minimize surprise and assist [the] defendant in obtaining information needed to prepare a defense and to preclude a second prosecution for the same crimes.'" *United States v. Crayton,* 357 F.3d 560, 568 (6th Cir. 2004) (quoting *United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993)). "Thus, the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick,* 291 F. App'x 706, 724 (6th Cir. 2008) (citing FEDERAL PRACTICE & PROCEDURE § 129); s*ee United States v. Matos–Peralta,* 691 F. Supp. 780, 791 (S.D.N.Y. 1988) ("The ultimate test must be whether the information sought is necessary, not whether it is helpful.")

---

[1] Foster incorrectly cites the Ohio Rules of Civil Procedure as a basis for his motion. (*See* Doc. No. 55 at 1.)

2

"A bill of particulars 'is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial[,]" *Crayton,* 357 F.3d at 568 (quoting *Salisbury,* 983 F.2d at 1375), nor may a defendant use a bill of particulars to discover the government's legal theory of the case. *United States v. Gabriel,* 715 F.2d 1447, 1449 (10th Cir. 1983); *United States v. Marks,* 364 F. Supp. 1022, 1030 (E.D. Ky. 1973), *aff'd,* 520 F.2d 913 (6th Cir. 1975), *rev'd on other grounds,* 430 U.S. 188, 97 S. Ct. 990, 51 L. Ed. 2d 260 (1977). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars, *see Salisbury*, 983 F.2d at 1375, and "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." *United States v. Paulino,* 935 F.2d 739, 750 (6th Cir. 1991), *suspended on other grounds by statute*, *United States v. Caselorente,* 220 F.3d 727 (6th Cir. 2000). Further, the decision to require a bill of particulars is left to the discretion of the trial court. *See Musick,* 291 F. App'x at 724; *United States v. Perkins,* 994 F.2d 1184, 1190 (6th Cir. 1993).

In this case, the indictment charges a conspiracy involving crimes occurring during a limited time frame—October 22, 2015 to March 12, 2016. (*See, e.g.*, Doc. No. 1 ¶ 9.) It identifies Foster and his co-defendants as participants in the conspiracy, as well as the purpose of the conspiracy. It also generally provides the means by which the conspiracy was advanced. In particular, the indictment provides:

> Pece, Brown, Delacruz, Foster, Avery, Shives, Co-conspirator #1[2] and others known and unknown to the Grand Jury, conspired together through chat discussions over the Internet to lure minor victims to one or more chatroom-based websites. Once the minor victims visited these chatroom-based websites, Defendants and others . . . enticed and attempted to entice the minor victims to

---

[2] Co-conspirator #1 is Richard Eby, who was charged in the same conspiracy by separate indictment. (*See United States v. Eby*, N.D. Ohio Case No. 1:20-cr-187.) Eby filed a similar motion for a bill. (*Id.*, Doc. No. 23.)

>engage in sexual acts and to lasciviously display their genitalia and pubic area via web camera, which they recorded.

(*Id*. ¶ 6 (capitalization omitted).) While it does not identify the names of the victims—all of whom are minors—the indictment provides other identifying information.

The Court turns to the specific categories of information requested by Foster. The first category—the names and contact information of each person at the scene—essentially seeks a list of all potential government witnesses. It is well settled that a bill a particulars may not be used to obtain the identities of the government's witnesses. *United States v. Largent*, 545 F.2d 1039, 1043-44 (6th Cir. 1976) (collecting cases). Additionally, to the extent that this category seeks the identities of unindicted co-conspirators, the Sixth Circuit has held that a bill is not the appropriate vehicle for disclosure of such information. *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991); *see Crayton*, 357 F.3d at 568 (government not required to reveal names of unindicted co-conspirators); *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government") (collecting cases). Finally, given the fact that Foster has been provided with the text and emails exchanged between defendants and the victims, Foster has failed to establish why he requires the names of the minor victims at this time to prepare his defense. Of course, should any of the minor victims testify at trial, Foster will be provided copies of any prior statements pursuant to the Jencks Act.

The second category—seeking the precise manner each charged crime is alleged to have been committed—is essentially a request for a detailed disclosure of all evidence held by the government before trial. This is also an improper use for a bill. *See Salisbury*, 983 F.2d at 1375; *see United States v. Barret*, 824 F. Supp. 2d 419, 439–40 (E.D.N.Y. 2011) (denying motion for

4

bill of particulars seeking, *inter ali*, "[t]he precise conduct of [defendant] alleged to establish the element of agreement, combination and conspiracy"; "the court finds that what defendant seek[s] is in the nature of the 'wheres, whens, and with whoms' that [c]ourts have held to be beyond the scope of a bill of particulars"). Additionally, a defendant is not entitled to discover all the overt acts that might be proven at trial. *Salisbury*, 983 F.2d at 1375; *see also United States v. Mills*, No. 16-cr-20460, 2019 WL 1915762, at *5 (E.D. Mich. April 30, 2019) ("As a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars.") (quotation marks and citations omitted).

The third category seeks the exact language used by Foster in connection with the charged crimes. As previously noted, Foster has been provided with the texts and emails exchanged by defendants and the victims, so much of this information has already been provided to him. *See Paulino*, 935 F.2d at 750 (a bill is not to be used to obtain information available through other sources). Foster fails to explain why this discovery is insufficient, or why additional information is needed to avoid surprise or to adequately prepare his defense.

The fourth category seeks the exact date and time each charged act was committed. The indictment charges an overall conspiracy that only spanned a few months, and Foster has not suggested that he entered the conspiracy after it was formed or abandoned it prior to its conclusion. Moreover, the Court finds that the discovery that has been produced, including emails and text messages—which would inevitably have a record of the date and time sent or received—should be sufficient to permit Foster to avoid surprise and properly prepare for trial. *See United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (stating that district court did not abuse its discretion in denying "bill of particulars specifying the exact time and place of each

alleged act associated with each offense identified in the indictment"); *see, e.g., United States v. Diaz*, 303 F. Supp. 2d 84, 88–89 (D. Conn. 2004) (denying motion for bill of particulars specifying with respect to conspiracy to commit child pornography offense, *inter ali*, "the date and location where said conspiracy was allegedly formed").

## II. CONCLUSION

It is clear from the motion that Foster has attempted to utilize a bill of particulars to obtain information that is either available from other sources or is otherwise prohibited by the rules of criminal discovery. Further, the Court finds that the information contained in the indictment and the voluminous discovery that has been produced to date make a bill of particulars unnecessary. For these reasons, Foster's motion for a bill of particulars is DENIED.

**IT IS SO ORDERED**.

Dated: August 12, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**